Robert C. JOHNSON, Plaintiff,

v.

COMMISSIONER, INTERNAL REVENUE SERVICE, et al., Defendants.

No. CIV.A. 5:02–3935–23.

United States District Court, D. South Carolina, Columbia Division.

Aug. 19, 2003.

---

Robert C. Johnson, Orangeburg, SC, pro se.

John Douglas Barnett, U.S. Attorneys Office, Columbia, SC, Rebeccah L. Bower, U.S. Department of Justice, Washington, DC, for Appellee.

## ORDER

DUFFY, District Judge.

This is an appeal from a decision of the United States Bankruptcy Court in a *pro se* action filed by Robert C. Johnson ("Johnson"). The record contains a Report and Recommendation of the United States Magistrate Judge ("the R & R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). The record also contains an Order dated 8/5/02, which was entered by the Magistrate Judge pursuant to Fed.R.Civ.P. 72(a). Johnson has filed timely objections to both the R & R and the Order.

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R & R and Order to which a specific objection is registered. The court may accept, reject, or modify, in whole or in part, the recommendations contained in the R & R and Order. Fed. R.Civ.P. 72. After a review of the entire record, including Johnson's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. The court, therefore, adopts the R & R and the Order in whole, and incorporates both by specific reference.[1]

■ In his objections, Johnson argues that this action is "a non-core case of personal injury tort and personal damages." (Obj. Dated 8/11/03 at 2); (Obj. Dated 8/15/03 at 1.) As such, Johnson argues that the Bankruptcy Court was without jurisdiction to entertain his claims.

---

1. The R & R sets forth in detail the relevant facts involved in this case, and the court incorporates those facts as described in the R & R without further recitation.

(Obj. Dated 8/11/03 at 2 (citing 28 U.S.C. § 157(b)(5) ("[T]he district court shall order that personal injury tort ... claims shall be tried in the district court ...."); 28 U.S.C. § 157(c)(1) ("In non-core proceedings final orders or judgments shall not be entered on the bankruptcy judge's order except with the express consent of the parties.")))). Johnson's complaint alleges that Defendants violated various provision of the Bankruptcy Code by unlawfully assessing alleged deficiencies in income taxes against him, in violation of a prior discharge order. These allegations were properly brought in the Bankruptcy Court. *See Johnson v. S.C. Dep't Rev.*, Civ. A. No. 5:02–4292 (Apr. 17, 2003). Thus, this objection is without merit.

The remaining objections are also unpersuasive. Johnson simply seeks to relitigate matters that were thoroughly and accurately resolved by the Magistrate Judge and the Bankruptcy Court. In sum, the Magistrate Judge's R & R and Order, both of which have been specifically incorporated by reference, fully justify denying Johnson's requested relief.

It is therefore,

**ORDERED,** for the foregoing reasons, that the decision of the Bankruptcy Court is **AFFIRMED.** The IRS's Motions to Strike are **GRANTED.** Johnson's "Motion for Review and Final Disposition" is **DENIED** as moot. Johnson's "Motion to Vacate" is **DENIED.**

**AND IT IS SO ORDERED.**

---

1. Johnson currently has three cases pending in this court involving the IRS: *Johnson v. Commissioner*, Civ. No. 02–4291; *Johnson v. IRS*, Civ. No. 03–303; *Johnson v. Commissioner*, Civ. No. 03–2284.

2. Section 362 provides for an automatic stay of proceedings against a debtor, until the dis-

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

MCCROREY, United States Magistrate Judge.

This is an appeal from an order of the United States Bankruptcy Court filed by pro se Appellant, Robert C. Johnson ("Johnson").[1] The matter was automatically referred to the undersigned pursuant to Local Rule 73.02(B)(2)(e), D.S.C. Johnson filed his brief on December 19, 2002. The IRS filed its brief on January 3, 2003. Johnson filed a reply brief on January 14, 2003.

The Record on Appeal ("ROA") shows that Johnson filed a Chapter 7 bankruptcy in 1992, Case No. 92–75816. (ROA, Ex. 1). Johnson received his discharge from the Bankruptcy Court on February 24, 1993 (ROA, Ex. 1). Thereafter, the IRS sent Johnson a Notice of Deficiency for taxes due in 1981, 1982, 1984, 1985, and 1986. (ROA, Ex. 1). The deficiencies resulted from Johnson's status as a limited Partner in a tax shelter limited partnership, Oasis Date Associates ("Oasis"). At the time of Johnson's bankruptcy, Oasis had a case pending in the United States Tax Court. After receiving the IRS Notice of Deficiency, Johnson, pursuant to the advice contained in the Notice, filed a petition in the United States Tax Court challenging the adjustment of his tax liability as calculated in the Notice. That case was pending at the time the Bankruptcy Court granted summary judgment. (ROA, Ex. 9).

On May 29, 2002, Johnson returned to the Bankruptcy Court filing a petition alleging that the IRS had violated Title 11, U.S.C. §§ 362[2] and 524.[3] Johnson sought

---

charge is granted or denied with respect to a Chapter 7 case. See 11 U.S.C. §§ 361(a) and (c)(2)(C).

3. Section 524 enjoins a creditor from seeking to collect a debt discharged through the bankruptcy.

monetary damages and injunctive relief. The Bankruptcy Court deemed the petition an adversary proceeding (Adversary No. 02–80185–W). The IRS filed a motion to dismiss on June 28, 2002, asserting lack of subject matter jurisdiction and failure to properly serve the summons and complaint. The motion to dismiss was denied by order of July 31, 2002 (ROA, Ex. 4). Thereafter, the IRS filed an answer (ROA, Ex. 5) and a motion for summary judgment (ROA, Ex. 6). The motion for summary judgment was granted on August 26, 2002. Johnson now appeals the Bankruptcy Court's order granting summary judgment to the IRS. He frames the issues on appeal as follows:

Did the United States Bankruptcy Court of the District of South Carolina err in its determination of Appellee's [IRS's] claims were not discharged under Appellant's [Johnson's] Chapter 7 Petition of 1993, and if so, did it err in its application of the Standard for Summary Judgment and the laws of Titles 11 and 26 of the United States Code as related to this case before the Court?

■ The United States District Court refers matters arising under Title 11 of the United States Code to the Bankruptcy Court pursuant to 28 U.S.C. § 157. See Local Rule 83.IX.01 *et seq.*, D.S.C. Final orders of the Bankruptcy Court are appealable to the District Court. See 28 U.S.C. § 158. The Bankruptcy Court's findings of fact are reviewed under a "clearly erroneous" standard. Its conclusions of law are subject to *de novo* review. *In re Biondo,* 180 F.3d 126, 130 (4th Cir. 1999) and *In re K & L Lakeland, Inc.,* 128 F.3d 203, 206 (4th Cir.1997).

The Bankruptcy Court found the record established the following facts:

1. Plaintiff was a limited partner in a tax shelter limited partnership, Oasis Date Associates.

2. By 1992, Oasis Date Associates was involved in a proceeding in the United States Tax Court.

3. Plaintiff filed a Voluntary Chapter 7 Petition on October 14, 1992.

4. When Plaintiff filed his bankruptcy petition, the Tax Court proceeding involving Oasis Date Associates was still pending.

5. Plaintiff received a Chapter 7 discharge on February 24, 1993.

6. On May 26, 1993, the Service mailed Plaintiff the Notice indicating that Plaintiff owes a deficiency for federal income tax liability for the tax years of 1981, 1982, 1984, 1985, and 1986. The Notice provides that Plaintiff has ninety days to contest the determination of his tax deficiency.

7. The parties agree that the disputed tax deficiency stems entirely from Plaintiff's participation in Oasis Date Associates, and the Notice outlines the grounds for the deficiency as the following:

   a. Plaintiff did not sustain a net operating loss for the 1985 tax year; therefore, Plaintiff cannot carry back a net operating loss to the 1982 tax year;

   b. Plaintiffs distributable share of ordinary income from Oasis Date Associates for the tax years of 1984, 1985, and 1986 is different from what was claimed on Plaintiffs returns. As a result, the Service increases Plaintiffs taxable income for these tax years to reflect Plaintiff's accurate share of distributions from the partnership;

   c. Plaintiffs investment tax credit carryback from the 1985 tax year

to the 1982 tax years is not allowable;

d. Plaintiff's investment tax credit carryback from the 1984 tax year to the 1981 tax year is not allowable; and

e. Because Plaintiff's income tax has increased for the 1984 and 1985 tax years, the investment tax credits that he attempted to carry back are now fully absorbed. There is no remaining credit that he can carry back.

8. On August 23, 1993, Plaintiff filed a petition in the United States Tax Court challenging the adjustment of his tax liability as set forth in the Notice.

9. To date, the United States Tax Court has not resolved the amount, if any, of the deficiency Plaintiff owes the Internal Revenue Service.

(ROA, Ex. 9). Johnson does not appear to contest these basic facts but elaborates on them in his brief. (See Brief, pp. 17–23).[4]

The Bankruptcy Court found that the actions of the IRS did not violate the automatic stay provision of § 362 nor the discharge injunction of § 524. It also found that, based on these two conclusions, Johnson was not entitled to damages under I.R.C. § 7433(e).

### 1. Automatic Stay

The automatic stay is provided for in § 362(a) which states in part:

(A) [bankruptcy] petition...operates as a stay, applicable to all entities, of—

\* \* \* \* \* \*

(6) any act to collect, assess, or recover a claim against the debtor that arose

before the commencement of the case under this title;

\* \* \* \* \* \*

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

Further, § 362(c)(2) provides:

(T)he stay of any other act under subsection (a) of this section continued until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; or

(C) if the case is a case under chapter 7 of this title concerning an individual...the time the discharge is granted or denied.

It is undisputed that during the time the automatic stay was in effect (October 14, 1992 until February 24, 1993) that the IRS made no attempt to collect or assess Johnson's taxes and that Johnson did not have a case pending in the United States Tax Court. Johnson filed his case in the United States Tax Court on August 23, 1993. The undersigned finds that the IRS did not violate the automatic stay.

### 2. Discharge Injunction

The provisions of 11 U.S.C. § 524 establishes authority for the Bankruptcy Court to enjoin the collection of discharged debts. The "Discharge of Debtor" filed in Johnson's case on February 24, 1993, states in part:

1. The above named debtor is released from all dischargeable debts.

2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of

---

4. In a motion to alter or amend the Bankruptcy Court's order granting summary judgment (Ex. 27 to Johnson's Appendix filed with his Brief) Johnson states that he does not disagree with the facts quoted above.

the debtor with respect to any of the following:

(a) debts dischargeable under 11 U.S.C. Sect. 523;

(b) unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from discharge under clauses (2), (4) and (6) of 11 U.S.C. § 523(a);

(c) debts determined by this court to be discharged under 11 U.S.C. Sec. 523.

3. All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above-named debtor.

The Bankruptcy Court's order created an injunction barring creditors from attempting to collect debts discharged by the order. The order also recognized that certain debts were exempt from discharge under Title 11 U.S.C. § 523.

Title 11 U.S.C. § 523(a)(1)(A) states in part:

(a) A discharge under...this title does not discharge an individual debtor from any debt—

(1) for a tax...

(A) of any kind and for the periods specified in section...507(a)(8) of this title, whether or not a claim for such tax was filed or allowed.

In turn, Title 11 U.S.C. § 507(a)(8)(iii) pertains to:

(A)llowed unsecured claims of governmental units, only to the extent that such claims are for—...not assessed before, but assessable, under applicable law..., after, the commencement of the case.

Johnson's taxes were not assessed before his bankruptcy case and were assessable after its conclusion. In *Doerge v. United States*, 181 B.R. 358 (Bankr.S.D.Ill. 1995) the court summarized the IRS collection process. In the liability phase, the tax liability is determined. This initiates with the filing of the tax return. If the IRS determines that the taxpayer owes more than reflected on the returns, it sends a Notice of Deficiency. The taxpayer has the right to challenge by filing a petition for redetermination in the tax court within 90 days. If the taxpayer does not file a petition, the IRS must assess the debtor's taxes within three years of the filing of the return. "A tax assessment is the initial step in the collection process." *Id.* at 363.

In the present case, it is clear that the Notice of Deficiency dated February 24, 1993 was a part of the liability phase and was not an assessment, i.e., the beginning of the collection phase. Johnson continued the liability phase when he filed his petition in the tax court on August 23, 1993. The case remained pending (and the taxes not assessed) at the time the Bankruptcy Court granted summary judgment. Therefore, the undersigned concludes that the IRS did not assess Johnson's taxes prior to the filing of the bankruptcy petition.

The next question is whether the taxes were assessable after Johnson filed his bankruptcy petition on October 14, 1992. This issue is controlled by the Internal Revenue Code ("IRC") provisions concerning when an assessment can be made. Different rules apply to individuals and partnerships. A partnership is required to file a "partnership information return" (I.R.C. § 6031) within a specified time after the end of its tax year. I.R.C. § 6072.

The IRS examines the partnership information return and mails a final partnership administrative adjustment ("FPAA") to the "tax matters partner" (here Oasis) and the other partners. The tax matters partner may seek readjustment by contesting the FPAA in United States Federal Tax Court.

Generally, the IRS can made assessments within three years after the filing of the partnership information return. (I.R.C. § 6229(a)). However, the limitation is suspended when the IRS mails the FPAA to the tax matters partner (I.R.C. § 6229(d)).

Oasis had its challenge pending in Federal Tax Court on the date Johnson filed his bankruptcy petition. Thus, the limitation period remained suspended and the taxes were assessable after commencement of the bankruptcy action. Additionally, Johnson's taxes became non-partnership items when he filed his bankruptcy petition, and the IRS had one year to assess the taxes from that point (I.R.C. § 6229(f)(1)). Thus, Johnson's tax liability stemming from the operating loss of Oasis was still assessable when the bankruptcy petition was filed. See *Waugh v. Internal Revenue Service,* 260 B.R. 806 (N.D.Tex. 2001).

3. Damages

Johnson also sought damages pursuant to I.R.C. § 7433(e)(1) which provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates any provision of section 362 (relating to automatic stay) or 524 (relating to effect of discharge) of title 11, United States Code (or any successor provision), or any regulation promulgated under such provision, such taxpayer may petition

the bankruptcy court to recover damages against the United States.

The conclusions that the IRS did not violate the automatic stay or the discharge injunction mandates that Johnson is not entitled to maintain his action for damages.

The record reveals that Johnson has been at least partially successful in his efforts to challenge the IRS's attempts to collect the taxes which are the subject to this litigation. It appears that the United States Tax Court ruled in Johnson's favor finding no deficiencies for 1982, 1985 and 1986. However, deficiencies were found for 1981 and 1984, the latter being a "substantial underpayment attributable to tax-motivated transactions." (See Johnson Appendix, Ex. 30).

### *Conclusion*

After reviewing the record, the undersigned concludes that summary judgment was properly granted by the Bankruptcy Court. It is, therefore, recommended that the decision of the Bankruptcy Court be affirmed and the appeal dismissed without oral argument.